UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROSEL A.[1], <br><br> Plaintiff, <br><br> v. <br><br> ANDREW SAUL, Commissioner of Social Security, <br><br> Defendant. | Case No.: 20cv1098-MSB <br><br> **ORDER REGARDING JOINT MOTION FOR JUDICIAL REVIEW [ECF NO. 16]** |

On June 17, 2020, Rosel A. ("Plaintiff") filed a Complaint pursuant to 42 U.S.C.A. § 405(g) seeking judicial review of a decision by the Commissioner of Social Security ("Defendant") denying Plaintiff's application for supplemental security income. (ECF No. 1; Certified Admin. R. ("AR") 13-31, ECF No. 11.)

Now pending before the Court is the parties' Joint Motion for Judicial Review.[2] (ECF No. 16.) For the reasons set forth below, the Court **ORDERS** that judgment be

---

[1] Under Civil Local Rule 7.1(e)(6)(b), "[o]pinions by the court in [Social Security cases under 42 U.S.C. § 405(g)] will refer to any non-government parties by using only their first name and last initial."

[2] Though the parties' titled the instant motion a "Joint Stipulation" [ECF No. 16], it is evident from a review of the document that it is in fact the "Joint Motion for Judicial Review of Final Decision of The Commissioner of Social Security ('Joint Motion for Judicial Review')," the Court required the parties to file to obtain judicial review of this case. (See ECF No. 14.)

1

entered reversing the decision of the Commissioner and remanding this matter for further administrative proceedings pursuant to sentence four of 42 U.S.C.A. § 405(g).

## I. PROCEDURAL BACKGROUND

On September 28, 2016, Plaintiff filed her application for disability insurance benefits, alleging an inability to work since December 1, 2008. (AR 181-86, 195.) After her application was denied initially and on reconsideration, on October 20, 2017, Plaintiff requested a hearing before an Administrative Law Judge ("ALJ"). (AR 16.) On March 6, 2019, ALJ Louis M. Catanese held an administrative hearing, at which Plaintiff testified and was represented by counsel. (See AR 67-97.) Rebecca G. Williams, a vocational expert ("VE") was also present and gave testimony. (Id.) On April 9, 2019, the ALJ found that Plaintiff was not disabled. (See AR 13-27.)

On June 4, 2019, Plaintiff requested that the Appeals Council review the ALJ's decision. (AR 174-78.) The Appeals Council denied the request for review on April 24, 2020. (AR 1-7). Thus, the ALJ's decision became the final decision of the Commissioner, (42 U.S.C.A. § 405(h)), but subject to judicial review, (42 U.S.C.A. § 405(g)). On June 17, 2020, Plaintiff timely filed the instant civil action. (ECF No. 1.)

## II. SUMMARY OF THE ALJ'S FINDINGS

In rendering his decision, the ALJ followed the Commissioner's five-step sequential evaluation process. (AR 17-18); see also 20 C.F.R. § 404.1520, 416.920.

At step one, the ALJ found that Plaintiff had not engaged in substantial gainful activity since September 28, 2016, the application date. (AR 19.)

At step two, the ALJ found that Plaintiff had the following severe impairments that significantly limited her ability to perform basic work activities: degenerative disc disease of the lumbar spine; bilateral knee osteoarthritis; obesity; and right shoulder degenerative joint disease impingement, status-post humerus fracture. (AR 19-20.)

At step three, the ALJ found that Plaintiff did not have an impairment or combination of impairments that met or medically equaled the severity of one of the impairments listed in the Commissioner's Listing of Impairments. (AR 20-21.) Next, the

ALJ determined that Plaintiff had the residual functional capacity ("RFC") for light work and specifically "could not climb ladders, ropes, or scaffolds and could perform all other postural activities on an occasional basis (climbing ramps and stairs, balancing, stooping, kneeling, crouching, and crawling); could occasionally reach overhead with the right dominant upper extremity." (AR 21.)

At step four, the ALJ compared his RFC determination to the demands of Plaintiff's past relevant work as a cashier/checker and/or food salesclerk. (AR 26.) The ALJ found that Plaintiff's past work does not require the performance of work-related activities precluded by Plaintiff's residual functional capacity and he therefore concluded Plaintiff was not disabled. (Id.)

### III. DISPUTED ISSUE

Plaintiff is raising the following issue as the grounds for reversal and remand:

1. Whether the ALJ properly considered Plaintiff's subjective symptom testimony. (ECF No. 16 at 4:3-8.)

### IV. STANDARD OF REVIEW

Section 405(g) of the Social Security Act allows unsuccessful applicants to seek judicial review of the Commissioner's final decision. 42 U.S.C.A. § 405(g). The scope of judicial review is limited, and the denial of benefits will not be disturbed if it is supported by substantial evidence in the record and contains no legal error. Id.; Molina v. Astrue, 674 F.3d 1104, 1110 (9th Cir. 2012) superseded on other grounds by 20 C.F.R. § 404.1502(a).

"Substantial evidence means more than a mere scintilla, but less than a preponderance. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Revels v. Berryhill, 874 F.3d 648, 654 (9th Cir. 2017) (quoting Desrosiers v. Sec'y of Health & Hum. Servs., 846 F.2d 573, 576 (9th Cir. 1988)); see also Richardson v. Perales, 402 U.S. 389, 401 (1971). Where the evidence is susceptible to more than one rational interpretation, an ALJ's decision must be upheld. Tommasetti v. Astrue, 533 F.3d 1035, 1038 (9th Cir. 2008).

The ALJ is entitled to large amounts of deference in resolving conflicts in medical testimonies and ambiguities. See Lewis v. Apfel, 236 F.3d 503, 509 (9th Cir. 2001). However, even if the reviewing court finds that substantial evidence supports an ALJ's conclusions, the court must set aside the decision if the ALJ failed to apply the proper legal standards in weighing the evidence and reaching his or her decision. See Batson v. Comm'r of Soc. Sec. Admin., 359 F.3d 1190, 1193 (9th Cir. 2004).

## V.  DISCUSSION

### A.  The ALJ Did Not Properly Consider Plaintiff's Subjective Symptom Testimony

Plaintiff argues that the ALJ failed to articulate specific, clear, and convincing reasons for rejecting Plaintiff's subjective symptom testimony. (ECF No. 16 at 4:10-11.) Plaintiff argues that the ALJ failed to sufficiently assert why Plaintiff's daily functioning is not consistent with her allegations, specifically: (1) ALJ did not point to which allegation is undermined by which ability; (2) ALJ did not demonstrate how the Plaintiff's daily functioning translates into ability to work full-time; and (3) ALJ was incongruent in adopting Plaintiff's "testimony about her activities of daily living but simultaneously find[ing] her statements about her limitations unsupported by those daily activities." (Id. at 8:2-10:24.) Plaintiff also argues that the ALJ's purported reasons relied on incomplete evaluations of medical evidence to reject Plaintiff's testimony. (Id. at 10:15-24.)

The Commissioner contends that the ALJ properly considered Plaintiff's subjective symptom testimony. (Id. at 11:21.) More specifically, the Commissioner argues that the ALJ had three specific, clear, and convincing reasons for discrediting Plaintiff's pain and symptom testimony: (1) Plaintiff's testimony was inconsistent with the objective medical evidence; (2) Plaintiff's testimony was inconsistent with her activities of daily living ("ADLs"); and (3) Plaintiff's testimony conflicted with the medical opinion evidence. (Id. at 12-16.)

///
///

### 1. Legal standard

"Generally, a claimant's credibility becomes important at the stage where the ALJ is assessing residual functional capacity, because the claimant's subjective statements may tell of greater limitations than can the medical evidence alone." Tonapetyan v. Halter, 242 F.3d 1144, 1147 (9th Cir. 2001). When evaluating the credibility of a claimant's allegation of disabling pain, the ALJ must engage in a two-step analysis. See Smolen v. Chater, 80 F.3d 1273, 1281 (9th Cir. 1996), superseded, in part, on unrelated grounds by 20 C.F.R. § 404.1529(c)(3), 416.929(c)(3). First, the ALJ must determine whether there is objective medical evidence of an underlying impairment that "could reasonably be expected to produce the pain or other symptom alleged." Id. at 1281-82 (citations omitted); see also Vasquez v. Astrue, 572 F.3d 586, 591 (9th Cir. 2009). Second, if the first step has been satisfied and there is no evidence of malingering, then "the ALJ can reject the claimant's testimony about the severity of her symptoms only by offering specific, clear and convincing reasons for doing so." Smolen, 80 F.3d at 1281 (citing Dodrill v. Shalala, 12 F.3d 915, 918 (9th Cir. 1993)).

At step one of the analysis, the ALJ found that "the claimant's medically determinable impairments could reasonably be expected to cause the alleged symptoms." (AR 22.) The parties do not challenge the ALJ's step one determination in this case. (ECF No. 16 at 7:15-19, 12:10-21.)

At step two, the ALJ did not report any affirmative finding of malingering, and Defendant does not argue the ALJ made any such finding. (See id. at 13 n.1.) Therefore, the ALJ was only justified in rejecting Plaintiff's testimony if the ALJ provided specific, clear, and convincing reasons for doing so. See Burrell v. Colvin, 775 F.3d 1133, 1137 (9th Cir. 2014); Molina, 674 F.3d at 1112. While giving clear and convincing reasons for rejecting Plaintiff's testimony, the ALJ "must specifically identify the testimony she or he finds not to be credible and must explain what evidence undermines the testimony." Holohan v. Massanari, 246 F.3d 1195, 1208 (9th Cir. 2001). General findings are

insufficient; the ALJ "must state which pain testimony is not credible and what evidence suggests the complaints are not credible."  Dodrill, 12 F.3d at 918.

**2.     Analysis**

Before conducting his evaluation of Plaintiff's testimony, the ALJ summarized Plaintiff's testimony in the following paragraph:

> She testified that she lives with her daughter and two grandchildren.  She said she is able to shower and dress herself, prepare simple meals, and usually keeps her room clean.  She watches television during the day and she goes shopping with her daughter.  She testified that her ability to work is affected by her lower back; arthritis in her joints—knees, elbows, ankles, and wrists; and her right shoulder.  She testified that she fell after her knees gave out and she hit her shoulder and they had to replace the ball joint.  She takes medications but she did not know the names—the medications ease the pain but it does not go away.  She does not have medication side effects.  She testified that her left arm hurts "really bad" due to carpal tunnel syndrome and if she bumps it, pain shoots through her hand.  On questioning from her representative, she testified that she has trouble manipulating objects and said that she drops things a couple times per week.

(AR 21-22.)  The ALJ then explained his analysis of Plaintiff's credibility:

> After careful consideration of the evidence, I find that the claimant's medically determinable impairments could reasonably be expected to cause the alleged symptoms; however, the claimant's statements concerning the intensity, persistence and limiting effects of these symptoms are not entirely consistent with the medical evidence and other evidence in the record for the reasons explained in this decision.
>
> As for the claimant's statements about the intensity, persistence, and limiting effects of her symptoms, they are inconsistent because the objective findings in the medical evidence are not remarkable and include 5/5 motor strength, intact sensation and deep tendon reflexes, and full range of motion in most extremity joints.  Exhibits 2F/5-8; 3F/5-7; 7F/9; 11F/5; 14F/11.  The claimant also remains capable of performing tasks such as self-care, preparing simple meals, shopping, and maintaining her bedroom.  This level of activity is not fully consistent with her allegations.

6

20cv1098-MSB

(Id.)  In short, the ALJ referred to evidence of Plaintiff's activities of daily living and objective medical evidence as the bases for his adverse credibility determination.  (AR 22.)

### a. The ALJ failed to specify how Plaintiff's ADL testimony supports his adverse credibility determination

The ALJ did not identify which portions of Plaintiff's testimony he was discrediting.  Further, Plaintiff's ADL testimony is not inconsistent with her claim of inability to work.  Thus, inconsistency with ADLs is not a valid reason for the ALJ to discredit Plaintiff.

At the outset, the ALJ failed to identify which portions of Plaintiff's testimony he discredited, or to articulate clear and convincing reasons for doing so.  If rejecting a claimant's testimony, an "ALJ must state specifically which symptom testimony is not credible and what facts in the record lead to that conclusion."  Smolen, 80 F.3d at 1284.  The ALJ must identify and explain why the specific testimony is not credible because failure to do so will preclude meaningful review of the ALJ's analysis.  See Brown-Hunter v. Colvin, 806 F.3d 487, 489 (9th Cir. 2015).  When an ALJ fails to specify the rejected testimony and how the evidence provides clear and convincing reasons to reject it, the reviewing court cannot proceed without "substitut[ing its own] conclusions for the ALJs, or speculat[ing] as to the grounds for the ALJ's decision."  Treichler v. Comm'r of Soc. Sec. Admin., 775 F.3d 1090, 1103 (9th Cir. 2014).  Therefore, the reviewing court cannot determine whether the substantial evidence supported the ALJ's decision.  Brown-Hunter, 806 F.3d at 495.  Such error is not harmless and requires reversal.  Id. at 489.  In short, the ALJ's lack of specificity precludes finding Plaintiffs' ADLs are a supporting factor in the ALJ's adverse credibility determination.

Further, it is not apparent to the Court that the ADL testimony summarized by the ALJ supports an adverse credibility determination.  There are "two grounds for using daily activities to form the basis of an adverse credibility determination": an ALJ may find that such daily activities either (1) contradict the claimant's other testimony or (2)

meet the threshold for transferable work skills. Orn v. Astrue, 495 F.3d 625, 639 (9th Cir. 2007). However, the ALJ failed to identify whether he found Plaintiff's testimony inconsistent with her activities of daily living or that it demonstrated a functional capacity for work. (See AR 22-25.) The Court finds that neither of these bases for an adverse credibility determination would be valid given Plaintiff's testimony.

Firstly, Plaintiff's ADL testimony does not contradict her pain and symptom testimony. See Molina, 674 F.3d at 1113 ("Even where [daily] activities suggest some difficulty functioning, they may be grounds for discrediting the claimant's testimony to the extent that they contradict claims of a totally debilitating impairment."). The Ninth Circuit has "repeatedly warned that ALJs must be especially cautious in concluding that daily activities are inconsistent with testimony about pain, because impairments that would unquestionably preclude work and all the pressures of a workplace environment will often be consistent with doing more than merely resting in bed all day." Garrison v. Colvin, 759 F.3d 995, 1016 (9th Cir. 2014). To reject Plaintiff's testimony, the ALJ simply recited a list of ADLs, stating that Plaintiff could "perform various activities, including self-care, preparing simple meals, shopping, and maintaining her bedroom." (AR 25.) Nothing about these simple activities conflicts with her reported pain and symptoms.

Further, the Court's review of the record reveals that the ALJ took evidence out of context. See Overton v. Berryhill, No. 17cv25-BEN, 2017 WL 5159550, at *1, *18 (S.D. Cal. Nov. 16, 2017) (finding the ALJ erred, when evaluating a plaintiff's credibility, cherry-picked segments of recreational therapy notes and ignored other segments of the same notes), report and recommendation adopted, No. 317CV00025BENBLM, 2018 WL 1561315 (S.D. Cal. Mar. 27, 2018).

Regarding Plaintiff's hearing testimony, the ALJ noted that Plaintiff "is able to shower and dress herself." (AR 22.) The ALJ failed to mention that at the same hearing Plaintiff testified that she has trouble using her hands to manipulate objects and relies on her granddaughter to help with zippers or buttons and can use zippers or buttons herself only "sometimes." (AR 88.) Further, when asked if she can put shoes on,

8

Plaintiff stated that all her shoes are slip-ons. (AR 87.) Thus, Plaintiff uses shoes that do not require dexterous manipulation of shoelaces, and she often requires assistance with fasteners. These details are consistent with her claims regarding pain in her hands and functional limitations, but the ALJ ignored these details in his analysis. Additionally, the ALJ noted that Plaintiff "goes shopping with her daughter," (AR 22), but failed to mention that Plaintiff testified that her daughter is the one who drives to and from the store. (AR 75-77.) Further, there is no indication as to the frequency that Plaintiff goes shopping or the amount of time she engages in this activity. (See AR 76-77.) That Plaintiff can bathe; dress herself in simple apparel and slip-on shoes with assistance as needed with fasteners; prepare simple meals; go to the store with her daughter; and "usually" keep her room clean is not obviously inconsistent with Plaintiff's testimony regarding her pain and symptoms. (AR 22-26.)

Secondly, Plaintiff's ADLs do not meet the threshold for transferrable work skills. Despite a lack of indication as to what parts of Plaintiff's testimony the ALJ found not credible, the ALJ concluded that Plaintiff's ADLs show functional capacity not fully consistent with her allegations. (AR 22.) The Ninth Circuit has repeatedly held that "[a] claimant 'does not need to be utterly incapacitated in order to be disabled.'" Revels, 874 F.3d at 667 (quoting Benecke v. Barnhart, 379 F.3d 587, 594 (9th Cir. 2004).

Plaintiff's ADLs are not demonstrative of Plaintiff's ability to rejoin the work force. Activities like watching television, cleaning a bedroom, or cooking simple meals are not transferable skills. Courts have specifically warned against ALJ findings that home activities are transferable to a competitive work environment. See Jager v. Barnhart, 192 F. App'x 589, 591 (9th Cir. 2006); Fair v. Bowen, 885 F.2d 597, 603 (9th Cir. 1989). Notably, at home, a plaintiff may take rest periods or use forms of medication, which would be impossible in work environments. Coe v. Astrue, 338 F. App'x 650, 653 (9th Cir. 2009). Further, activities such as light household chores, cooking meals, and grocery shopping are activities that do not necessarily translate to the work environment. See Saunders v. Astrue, 433 F. App'x 531, 533 (9th Cir. 2011).

9

Ultimately, Plaintiff's ADLs are examples of the light household chores that the Ninth Circuit holds do not demonstrate an ability to rejoin the workforce. Further, Plaintiff testified that she could sit for only 15 to 20 minutes; stand for only about 30 minutes; and walk for only 15 to 30 minutes. (AR 82-83.) Plaintiff's testimony about her need to frequently change positions to avoid pain echoes the reasoning in Coe: these limitations, which Plaintiff relies upon to manage her pain, would be impossible in work environments. In sum, Plaintiff's daily activities do not meet the threshold for transferable work skills.

Because Plaintiff's ADLs do not contradict her other testimony or meet the threshold for transferable work skills, her daily activities cannot form the basis of the ALJ's adverse credibility determination.

### b. Plaintiff's pain and symptom testimony was not inconsistent with the objective medical evidence

Because the ALJ's only other reason for discrediting Plaintiff's testimony, inconsistency with ADL evidence, was insufficient to support his adverse credibility determination, the Court must determine whether the ALJ articulated how Plaintiff's subjective testimony was inconsistent with the objective medical evidence.

The distinction between medical evidence simply failing to support a plaintiff's testimony and medical evidence being inconsistent is critical because the latter may qualify as a specific, clear, and convincing reason to reject a plaintiff's testimony while the former does not. Compare Johnson v. Shalala, 60 F.3d 1428, 1434 (9th Cir. 1995) (finding that contradiction with medical records is a sufficient basis for rejecting the claimant's subjective testimony), and Klein v. Berryhill, 717 F. App'x 664, 666 (9th Cir. 2017) (finding inconsistency between a plaintiff's testimony and objective medical evidence can comprise a clear and convincing reason for rejecting the testimony), with Light v. Soc. Sec. Admin., 119 F.3d 789, 792 (9th Cir. 1997) as amended on reh'g (Sept. 17, 1997) (finding that the ALJ's sole reason for an adverse credibility determination was legally insufficient when it was premised on lack of medical support for claimant's

testimony); see also Robbins v. Soc. Sec. Admin., 466 F.3d 880, 884 (9th Cir. 2006) (describing ALJ's reliance on Plaintiff's testimony being "not consistent with or supported by the overall medical evidence of record" as "exactly the type [of justification] we have previously recognized the regulations prohibit"). In short, a lack of support from medical evidence is a factor the ALJ may consider in his analysis of a plaintiff's testimony, but it cannot be the sole basis for rejecting it. See Stone v. Berryhill, No. 3:17-CV-1689-W (RNB), 2018 WL 2317549, at *1, *5 (S.D. Cal. May 17, 2018) (finding that ALJ's adverse credibility determination was insufficient because his initial reasons for rejection were legally insufficient and the sole basis remaining for discounting pain testimony was lack of medical support) report and recommendation adopted, 2018 WL 3327873 (S.D. Cal. July 6, 2018); see also Burch v. Barnhart, 400 F.3d 676, 681 (9th Cir. 2005).

The Commissioner argues that the ALJ's primary consideration in rejecting Plaintiff's allegations was that Plaintiff's allegations were inconsistent with the objective medical record. (ECF No. 16 at 13:3-5.) Specifically, the Commissioner argues that the ALJ provided a detailed review of medical evidence to support his finding, including:

> the examinations performed by two consultative examiners, indicated that Plaintiff's physical conditions caused some functional limitations in light of the modest and unremarkable physical findings (AR 21-26). The unremarkable physical findings included 5/5 motor strength, intact sensation and deep tendon reflexes, negative straight-leg raising test, and full range of motion in most extremity joints (AR 25, citing 269-72, 280-82, 433, 540, 601). The ALJ also noted that Plaintiff had a good response to surgical intervention highlighting that Dr. Wen had noted Plaintiff's shoulder pain resolved following surgery with some residual stiffness and reduced range of motion (AR 25, 537).

(Id. at 13:8-17.) Additionally, the Commissioner summarized the ALJ's analysis:

> [The ALJ] found that Plaintiff's statements about excess limitations were not fully consistent with the record because they were inconsistent with the objective evidence (id.). For example, in addition to the unremarkable physical exam findings discussed above, the ALJ noted that 2014 knee x-rays

> showed degenerative changes but no acute fracture or dislocation (AR 22, 356), 2015 pelvic x-rays were unremarkable (AR 22, 361), and 2017 lumbar spine x-rays showed spondylosis from L1 to L4, mild disc degeneration at L1-2, and facet joint arthritis at L4-5 and L5-S1 (AR 24, 424).

(Id. at 14:5-12.) However, the Commissioner notably did not specify which of Plaintiff's allegations the ALJ found were "not fully consistent" with these parts of the medical evidence. In fact, writing that medical records are "not fully consistent" implies that some parts of Plaintiff's testimony may be consistent, which the Commissioner never clarifies. Ultimately, the Commissioner's argument lacks specificity because the ALJ's order lacked specificity.

Plaintiff made many statements about her pain and symptoms in her hearing testimony, (see AR 69-97), but the ALJ failed to identify the portions that were demonstrably false or to connect any statement to the objective medical evidence that disproved it. (See AR 22-26.) Instead, he stated vaguely that "the claimant's statements concerning the intensity, persistence, and limiting effects of these symptoms are not entirely consistent with the medical evidence." (AR 22.) This generic reference to Plaintiff's testimony does not specifically identify the statements that the ALJ was discrediting.

The ALJ may not merely list medical findings but must specifically assert what parts of Plaintiff's testimony are inconsistent with any of those pieces of medical evidence. As another district court has noted, ALJs fail to identify an inconsistency if those ALJs are not explicit:

> ALJs, however, are required to discuss each medical opinion and state what weight they gave it. See 20 C.F.R. § 416.927(c). If doing so constituted a clear and convincing reason for discounting claimants' subjective symptom testimony, then the rule articulated in Berry, Ghanim, and other case law would be rendered meaningless.

Cassandra E. L. v. Saul, No. 5:19-CV-1783-KES, 2020 WL 2556348, at *6 (C.D. Cal. May 20, 2020); see also Brown-Hunter, 806 F.3d at 489 ("We hold that an ALJ does not provide specific, clear, and convincing reasons for rejecting a claimant's testimony by

12

simply reciting the medical evidence in support of his or her residual functional capacity determination.").

In turn, the Court finds that the ALJ did not discredit Plaintiff's testimony based on inconsistency with the objective medical evidence in the record. Connett v. Barnhart, 340 F.3d 871, 874 (9th Cir. 2003) ("We are constrained to review the reasons the ALJ asserts.").

### c. The ALJ did not rely on medical opinion testimony to reject Plaintiff's testimony

Defendant argues that "the ALJ appropriately considered the conflict between the medical opinion evidence and Plaintiff's subjective complaints . . ." (ECF No. 16 at 16:1-2.) To support this argument, the Commissioner lists what weight the ALJ gave to various doctors and consultative examiners. (Id. at 16:1-14.) However, at no point does the ALJ explain that he is finding Plaintiff's testimony not credible because the medical opinion evidence is inconsistent with Plaintiff's subjective testimony. The ALJ, instead, discussed each medical opinion by evaluating the opinion itself, without mention of Plaintiff's credibility. (See AR 24-26.)

"We are constrained to review the reasons the ALJ asserts." Connett, 340 F.3d at 874. Because the ALJ did not rely on an inconsistency with medical opinion evidence to disbelieve Plaintiff, the Court cannot consider whether this would be a specific, clear, and convincing reason to discredit Plaintiff's testimony if he had.

### 3. Conclusion

Considering the reasons given in the ALJ's decision, the Court finds that the ALJ did not provide clear and convincing reasons supported by substantial evidence in the record to reject Plaintiff's subjective symptom testimony.

## VI. ORDER TO REMAND FOR FURTHER PROCEEDINGS

The decision whether to remand for further proceedings or simply to award benefits is within the discretion of the Court. See Salvador v. Sullivan, 917 F.2d 13, 15 (9th Cir. 1990); McAllister v. Sullivan, 888 F.2d 599, 603 (9th Cir. 1989); Lewin v.

13

Schweiker, 654 F.2d 631, 635 (9th Cir. 1981). Remand for further proceedings is warranted where additional administrative proceedings could remedy defects in the decision. See Kail v. Heckler, 722 F.2d 1496, 1497 (9th Cir. 1984); Lewin, 654 F.2d at 635. Remand for the payment of benefits is appropriate where no useful purpose would be served by further administrative proceedings, Kornock v. Harris, 648 F.2d 525, 527 (9th Cir. 1980); where the record has been fully developed, Hoffman v. Heckler, 785 F.2d 1423, 1425 (9th Cir. 1986); or where remand would unnecessarily delay the receipt of benefits to which the disabled Plaintiff is entitled, Bilby v. Schweiker, 762 F.2d 716, 719 (9th Cir. 1985).

The Court is mindful of Ninth Circuit authority for the proposition that, where an ALJ failed to properly consider either subjective symptom testimony or medical opinion evidence, it is sometimes appropriate to credit the evidence as true and remand the case for calculation and award of benefits. See Garrison v. Colvin, 759 F.3d 995, 1019-21 (9th Cir. 2014). However, in Ghanim, 763 F.3d at 1166, a case decided after Garrison, another Ninth Circuit panel did not apply or even acknowledge the "credit as true" rule where substantial evidence did not support an ALJ's rejection of treating medical opinions and his adverse credibility determination. Instead, the panel simply remanded the case for further administrative proceedings. And, in Marsh v. Colvin, 792 F.3d 1170, 1173-74 (9th Cir. 2015), the panel did not apply or acknowledge the "credit as true" rule where the ALJ had failed to even mention a treating source's opinion that the claimant was "pretty much nonfunctional"; instead, the panel simply remanded the case to afford the ALJ the opportunity to comment on the doctor's opinions.

Here, Plaintiff asks the Court to credit Plaintiff's subjective symptom testimony as true and remand for awarding benefits because "crediting [Plaintiff's] testimony as true mandates a finding of disabled . . ." (ECF No. 16 at 11.) The Commissioner argues that the appropriate remedy in the event of reversal would be remand for further administrative proceedings. (Id. at 19.)

14

20cv1098-MSB

The Court concludes that remand for further proceedings is warranted because additional administrative proceedings could remedy the defects in the ALJ's decision. After consideration of Plaintiff's testimony, the ALJ may articulate a clear and convincing reason for an adverse credibility determination. Further, if Plaintiff is found to be disabled, the onset date will still need to be determined. <u>Guzman v. Berryhill</u>, 356 F. Supp. 3d 1025, 1040 (S.D. Cal. 2018).

For the foregoing reasons, this Court **ORDERS** that judgment be entered reversing the decision of the Commissioner and remanding this matter for further administrative proceedings pursuant to sentence four of 42 U.S.C.A. § 405(g).

**IT IS SO ORDERED.**

Dated: June 23, 2021

Honorable Michael S. Berg
**United States Magistrate Judge**